# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 14-71V
Filed: August 10, 2015
Not for Publication

**FILED**
AUG 10 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHELLE A. CUTTINO, Administratrix of the Estate of CHARLES R. JACKSON, Deceased, | \* \* \* \* |
| Petitioner, | \* \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* \* |

Dismissal decision; failure to prosecute

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michelle A. Cuttino, Landsdowne, PA, petitioner (pro se).
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On January 27, 2014, petitioner (then known as Michelle Jackson) filed a petition under the National Childhood Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), 42 U.S.C. §§ 300aa-10-34 (2012), alleging that the influenza ("flu") vaccine her husband received on September 29, 2011, caused him to suffer Guillain-Barré Syndrome ("GBS"), which she alleges resulted in his death on February 5, 2012.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

Petitioner filed medical records via compact disc on February 10, 2014, and additional records on April 18, 2014. Respondent filed her Rule 4(c) Report on June 16, 2014, expressing her view that petitioner is not entitled to compensation, primarily because the records show Mr. Jackson's neurologic symptoms predated his vaccination. Resp't's Rep. at 10.

On June 27, 2014, the undersigned ordered petitioner to file a report from a medical expert by September 26, 2014. On September 24, 2014, petitioner filed a motion for extension of time, stating that she had retained a medical expert to review the case and asking for an additional 60 days to file a report. The motion was granted. Petitioner requested two more extensions of time, which were granted, until petitioner filed a status report on March 12, 2015, stating that counsel intended to withdraw as counsel. Petitioner's counsel filed a Motion to Withdraw as Attorney of Record on May 4, 2015. This motion was granted on May 7, 2015, and petitioner became *pro se*.

With petitioner's agreement, the undersigned scheduled a status conference with the parties for June 22, 2015. The undersigned's chambers contacted petitioner by telephone at the scheduled time, but petitioner did not answer or return voicemail messages. Subsequently, the undersigned's chambers attempted to contact petitioner via phone and email. The undersigned issued an order on June 22, 2015, directing petitioner to contact chambers by July 22, 2015. After no response from petitioner, on July 23, 2015, the undersigned issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Petitioner did not contact the undersigned's chambers to respond to the Order to Show Cause. Accordingly, this case is **DISMISSED** for failure to prosecute.

## DISCUSSION

Under Rule 41(b) of the Rules of the United States Claims Court, "the court may dismiss a case on its own motion, '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . .'" Tsekouras v. Sec'y of HHS, 26 Cl. Ct. 439, 442 (Fed. Cl. 1992) (quoting Claude E. Atkins Enterprises, Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990)). Petitioner failed to respond to the court's attempts to contact her and to the undersigned's July 23, 2015 Order to Show Cause.

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific

2

explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner did not file an expert medical opinion in support of her allegations. The Vaccine Act does not permit the undersigned to rule in favor of petitioner based solely on her allegations, unsupported by medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1).

This petition is hereby **DISMISSED** for failure to prosecute.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 10, 2015

*Laura D. Millman*
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

3